IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK A. MOORE                                                                                       PLAINTIFF

v.                                        CIVIL NO. 20-5228

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Mark A. Moore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 7, 2018, alleging an inability to work since March 25, 2018, due to polycythemia vera (rare blood disorder), leg pain, blood clots, Hepatitis C, a slipped disc, and a right arm impairment. (Tr. 69, 206, 214). An administrative video hearing was held on April 20, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 42-66).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated June 17, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: arthralgias; polycythemia vera; a depressive disorder due to other medical condition; and a specific learning disorder in reading. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except work can be performed where interpersonal contact is routine and superficial, e.g. grocery checker, tasks should be no more complex than those learned by experience, several variables and judgment within limits, and supervision required is little for routine tasks but detailed for non-routine.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a tractor-trailer truck driver. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on October 30, 2020. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 14, 17). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental impairment that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "To find a claimant has the RFC to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. *Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005)(citations omitted).

In the present case, the ALJ determined Plaintiff was able to perform medium work with limitations. In determining Plaintiff's RFC, the ALJ found persuasive the opinions of the non-

examining medical consultants (October 31, 2018, and April 30, 2019) that Plaintiff could perform the exertional demands of medium work. The ALJ further found that no treating source had opined Plaintiff was unable to perform the exertional requirements of medium work. (Tr. 23). While the ALJ is correct in stating that a treating source had not completed a RFC assessment indicating Plaintiff was unable to perform medium work, in June of 2018, Dr. Stephan B. Rosenfield- Plaintiff's treating hematologist- opined Plaintiff's Eastern Cooperative Oncology Group (ECOG) status score was a "1" which meant Plaintiff's performance level abilities fell into the light to sedentary work categories. (Tr. 374-375). Subsequent medical records from Dr. Rosenfield indicated Plaintiff's ECOG level was a "0" which indicated Plaintiff could perform pre-disease activity; however, in October of 2019, Plaintiff's fatigue score was "2" which meant Plaintiff's fatigue was "moderate or causing difficulty performing some" activities of daily living. (Tr. 479). The ALJ did not address either the ECOG or the fatigue status scores in the administrative decision. Furthermore, in November of 2019, a good six months after the latest non-examining medical consultant completed a RFC assessment, Plaintiff complained of joint pain in his back, arms, and shoulders. (Tr. 511). At that time, Tracy R. Harwood, APRN, examined Plaintiff and noted Plaintiff exhibited musculoskeletal tenderness and an unspecified deformity, and assessed Plaintiff with arthralgia of both acromioclavicular joints. While arthralgias were found to be a severe impairment by the ALJ, it is unclear whether the ALJ took the specific arthralgia of both acromioclavicular joints into account when determining Plaintiff's RFC. After reviewing the record as a whole, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

    On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment

regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2022.

/s/    *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE